**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JORGE ALFREDO OCAMPO BLANCO #A089-091-973** | **CASE NO. 6:26-CV-00568 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRYAN PATTERSON ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order ("TRO"), Motion for Stay of Removal, and Motion to Expedite [Doc. No. 3] filed by *pro se* Petitioner, Jorge Alfredo Ocampo Blanco ("Petitioner"). Petitioner asks the Court to stay his imminent removal while the Court considers his Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1].[1] Petitioner argues this is necessary to prevent the irreparable harm his family will face by being separated from him, and that "removal will substantially impair [him from having] meaningful access to this Court" and litigate his Habeas Petition.[2]

Federal courts may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

[1] [Doc. No. 3, p. 1].
[2] [Id. at pp. 1–2].

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

While the Court sympathizes with the Petitioner's desire to be with his family, the Petitioner's two proffered theories for granting a TRO do not rise to the level of "immediate and irreparable injury" as required by the law. FED. R. CIV. P. 65(b)(1). That requires showing something that will take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Petitioner's contentions of being separated from his family and difficulty in accessing the Court—again, while unfortunate—do not seem to fall within the above definition.

Additionally, the Habeas Petition is currently marked as deficient, and Petitioner's claims therein are very bare bones.[3] Specifically, Petitioner only provides a few general statements of law and conclusory statements for each claim.[4] And, as

---

[3] [Doc. No. 1, pp. 3–4].
[4] [Id.].

mentioned above, the Habeas Petition is deficient for using an unapproved form.[5] As such, the Court does not wish to improvidently grant the "extraordinary and drastic" preliminary relief that Petitioner seeks without sufficient basis to substantiate the request. *Munaf v. Geren*, 553 U.S. 674, 690 (2008). Finally, to the extent Petitioner's Motion can be construed to suggest the Court will lose jurisdiction over the matter if Petitioner is removed, it is mistaken. "Jurisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). Even if Petitioner were to be removed from the United States, this Court would still have jurisdiction over his Habeas Petition. *See id.*; *see also Zalawadia v. Ashcroft*, 371 F.3d 292, 297–98 (5th Cir. 2004).

For all these reasons,

**IT IS ORDERED** that Petitioner's Motion for TRO, Motion for Stay of Removal, and Motion to Expedite [Doc. No. 3] are **DENIED**.

The Clerk of Court is instructed to provide Shannon Smitherman, at the United States Attorney's Office, a copy of this Order via email and access to the Habeas Petition [Doc. No. 1] and the docket in this matter.

MONROE, LOUISIANA, this 24th day of February 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

[5] *See generally* [Doc. No. 1].